ALTENBERND, Acting Chief Judge,
Dissenting.
In this case, Mr. and Mrs. Carrero purchased a home from the Appellees. The contract for sale and purchase indicates that the sale was “as-is” and that the Carreros waived their right of inspection. The Carreros sued the. Appellees alleging fraud in the inducement. They maintain that the Appellees were aware of termite problems, septic tank deficiencies, and plugged pool deck drains when the contract was negotiated. The Carreros allege that these matters were latent defects and that the Appellees were required to disclose these defects under Johnson v. Davis, 480 So.2d 625 (Fla.1985), even if the sale was without express warranties. The trial court dismissed the second amended complaint for failure to state a cause of action, relying on Pressman v. Wolf, 732 So.2d 356 (Fla. 3d DCA), review denied, 744 So.2d 459 (Fla.1999). Pressman involves a similar real estate transaction, but that case was fully tried and the defects were determined to be patent. Although I agree that the Carreros could and should have bargained for better warranties and inspection rights, I do not believe that *700 Pressman allows a Johnson cause of action to be dismissed for failure to state a cause of action when the complaint alleges latent defects.
It may be that the majority is correct and the law should bar a claim in fraud when the buyer waives contractual warranties. I simply do not believe this is the current state of the law of intentional fraud concerning the issue of reasonable reliance.